UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RONY GULDMANN, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                                                                   **COMPLAINT**

                            Plaintiff,

                                                                   **Docket No.:**

      -against-

                                                                     Jury Trial Demanded

RAYMOURS FURNITURE COMPANY, INC.,

                            Defendant.
------------------------------------------------------------------------X

        RONY GULDMANN ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated ("Class Plaintiffs"), and on behalf of the general public, by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against RAYMOURS FURNITURE COMPANY, INC. ("Defendant"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

        1.     This is a civil class action based upon Defendant's willful violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

        2.     Plaintiff received unsolicited and marketing text messages to his cellular phone from Defendant - - a furniture retailer - - within the four-year pre-dating the commencement of this action. As described below, Defendant, and/or its agents, willfully sent the unsolicited and marketing text messages to Plaintiff's cellular phone using an automatic telephone dialing system ("ATDS"), without Plaintiff's prior express consent, in violation of the TCPA.

3. In 1991, Congress passed the TCPA, which provides in part that:

> It shall be unlawful for any person . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service . . . or any service for which the called party is charged for the call . . . ."
> 47 U.S.C. § 227(b)(1)(A)(iii).

4. A text message constitutes a "call" under the TCPA.

5. In 2012, the Federal Communications Commission ("FCC"), the agency in charge of implementing the TCPA, revised its regulations in response to "the volume of consumer complaints [it] continue[d] to receive concerning unwanted, telemarketing robocalls . . . ." Rules & Reg. Implementing the Tel. Consumer Prot. Act of 1991 ("2012 TCPA Order") (effective October 16, 2013).

6. The amended regulations provide in part that:

> [n]o person or entity may initiate, or cause to be initiated, any telephone call that includes or introduces an *advertisement* or constitutes *telemarketing*, using an automatic telephone dialing system or an artificial or prerecorded voice . . . other than a call made with the *prior express written consent* of the called party . . . ."
> 47 C.F.R. 64.1200(a)(2) (emphasis added).

7. "Advertisement" means:

> any material advertising the commercial availability or quality of any property, goods, or services. 47 C.F.R. 64.1200(f)(1).

8. "Telemarketing" means:

> the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person. 47 C.F.R. 64.1200(f)(12).

9. "Prior express written consent" means:

> an agreement, *in writing*, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered. 47 C.F.R. § 64.1200(f)(8) (emphasis added).

10. Plaintiff brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the TCPA's limitations period who suffered damages as a result of Defendant's willful violations of the TCPA.

## JURISDICTION AND VENUE

11. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 47 U.S.C. § 227 *et seq*.

12. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), in that this is a district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

13. Plaintiff is a citizen of the state of New York and a resident of Queens County. He was a resident of Kings County when the violations giving rise to this action took place.

14. At all relevant times herein, Defendant is and was a New York corporation and has its principal place of business located at 7248 Morgan Road, Liverpool, New York 13088.

## RULE 23 CLASS ALLEGATIONS

15. Plaintiff brings this action on behalf of himself and all others similarly-situated pursuant to FRCP 23(b).

3

16. Under the FRCP 23(b)(3), a plaintiff must plead that:

   a. The class is so numerous that joinder is impracticable;

   b. There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

   c. Claims or defenses of the representative are typical of the class;

   d. The representative will fairly and adequately protect the class; and

   e. A class action is superior to other methods of adjudication.

17. The Rule 23 Class that Plaintiff seeks to define includes:

   All persons in the United States who, within the four-year period pre-dating the filing of this action, received unsolicited text messages or calls to their cellular phones from Defendant's automatic telephone dialing system, without providing Defendant their prior express consent ("Class Action Plaintiffs").

18. The proposed Class excludes current and former officers and directors of Defendant, members of the immediate families of the officers and directors of Defendant, Defendant's legal representatives, heirs, successors, assigns, and any entity in which it has or has had a controlling interest, and the judicial officer to whom this lawsuit is assigned.

19. Plaintiff reserves the right to revise the Class definition based on facts learned in the course of litigating this matter.

## Numerosity

20. The class described above is so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court. It, without a doubt, includes greater than forty individuals.

21. During the previous four years, Defendant, and/or its agents, sent unsolicited and marketing text messages to Plaintiff's and Class Plaintiffs' cellular phones.

22. The exact size of the class and the identities of the individual members thereof are ascertainable through Defendant's records, including but not limited to Defendant's Short Message Service ("SMS") archive and automatic telephone dialing system records.

23. Class Plaintiffs may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notices, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by this Court.

## Common Questions of Law and/or Fact

24. There are common questions of law and fact that govern the claims of Plaintiff and each and every Class Plaintiff, including but not limited to the following: (1) whether Defendant, and/or its agents, sent unsolicited and marketing text messages or phone calls to Plaintiff's and Class Plaintiff's cellular phones; (2) whether Defendant, and/or its agents, used an automatic telephone dialing system to send these unsolicited and marketing text messages; (3) whether Plaintiff and Class Plaintiffs provided prior express consent; (4) whether Defendant's conduct was willful; and (5) whether Plaintiff and Class Plaintiffs are entitled to damages for Defendant's conduct.

## Typicality of Claims and/or Defenses

25. Plaintiff has no, or very few, material facts relating to the Class Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendant treated Plaintiff identically, or at the very least, substantially similarly, to the Class Plaintiffs.

26. As described in the "Background Facts" section below, Defendant, and/or its agents, sent unsolicited and marketing text messages to Plaintiff's and Class Plaintiffs' cellular phones. Plaintiff's claims are typical of the claims of the Class Plaintiffs whom he seeks to represent, as the Class Plaintiffs were recipients of unsolicited and marketing text messages that Defendant, and/or its agents, sent using an automatic telephone dialing system without Plaintiff's and Class Plaintiffs' prior express consent. Plaintiff and Class Plaintiffs have all sustained similar types of damages, namely increased risk of invasion of their privacy interests, as a result of Defendant's willful violations of the TCPA. Thus, Plaintiff's and Class Plaintiffs' claims and/or Defendant's defenses to those claims are typical of the Class Plaintiffs' claims and Defendant's defenses to those claims.

<u>Adequacy</u>

27. Plaintiff, as described below, received unsolicited and marketing text messages to his cellular phone, as did the Class Plaintiffs within four years prior to the filing of this action. Without Plaintiff's and Class Plaintiffs' prior express consent, Defendant, and/or its agents, willfully sent these unsolicited and marketing text messages using an automatic telephone dialing system. Plaintiff is eager to participate in this litigation, and anticipates providing sworn testimony and otherwise participating in discovery. Thus, Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class Plaintiffs. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the class and he has no interests antagonistic to the Class Plaintiffs. In addition, Plaintiff has retained counsel who is competent and experienced in the prosecution of class action litigation.

<u>Superiority</u>

28.     While the aggregate damages that may be awarded to the Class Plaintiffs are likely to be substantial, the damages suffered by the individual members of the class are relatively small.  As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for Class Plaintiffs to individually seek redress for the wrongs and harm that Defendant caused them.  Plaintiff does not know of any other litigation concerning this controversy.  The likelihood of the Class Plaintiffs prosecuting separate claims is remote.

29.     Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, conducting this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

30.     Accordingly, this means of protecting the Class Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

**FACTUAL BACKGROUND**

31.     In or around 2013, Plaintiff purchased a mattress from Defendant and then cancelled the order before it was delivered.

32.     From 2013 through the latter part of 2016, Plaintiff never authorized any text messaging and never received any text messages from Defendant.

33. On November 25, 2016, Plaintiff was casually browsing the websites of various furniture stores, including Defendant's website, from his home computer. He did not enter any information into Defendant's website.

34. Within approximately one hour of browsing Defendant's website, Plaintiff received the following unsolicited and marketing text message from Defendant:

> From: 44998
>
> Friday Doorbusters at Raymour & Flanigan – FREE TV or tablet w/ select mattress sets + save up to $700 on furniture – 8am-9pm in stores. Text STOP to cancel.

35. On November 28, 2016, Plaintiff received a second unsolicited and marketing text message from Defendant:

> From: 44998
>
> Raymour & Flanigan Cyber Monday: Save 30% or more on select items + Free TV w/ select mattresses. In store til 9pm or online til midnight. Text STOP to cancel.

36. On December 3, 2016, Plaintiff received a third unsolicited and marketing text message from Defendant:

> From: 44998
>
> Please join us for a Bed & Breakfast event at Raymour & Flanigan on Fulton Street on Sun, 12/4 for a FREE gift & special offer!

37. On the same day, still December 3, 2016, Plaintiff received a fourth unsolicited and marketing text message from Defendant:

> From: 44998
>
> For info call the store at 347-416-5019 or get directions http://bit.ly/FULTST You are subscribed to Raymour & Flanigan Alerts. Reply STOP to cancel.

8

38. While the last message states that Plaintiff is subscribed to "Raymour & Flanigan Alerts," at no point did he subscribe to these alerts or in any other way authorize Defendant to send marketing text messages to his cellular phone.

39. Defendant's computerized system was capable of linking Plaintiff's internet browsing activity on November 25, 2016 with his cellular phone number.

40. Defendant, and/or its agents, sent these impersonal, generic, and promotional texts, *en masse*, through an automatic telephone dialing system, with the capacity to store or produce and dial numbers randomly or sequentially, and to send text messages to Plaintiff's and Class Plaintiffs' cellular phones.

41. Defendant, and/or its agents, sent these unsolicited and marketing text messages to Plaintiff's cellular phone for the sole purpose of advertising or encouraging the purchase of Defendant's products.

42. Defendant, and/or its agents, formatted these unsolicited and marketing text messages in SMS codes.

43. Plaintiff never provided Defendant, and/or its agents, with prior express consent to receive these promotional text messages.

44. Within the four-year period prior to the filing of this action, Defendant, and/or its agents, sent similar unsolicited and marketing text messages through an automatic telephone dialing system to other similarly-situated persons, who likewise never consented to receiving them.

45. Defendant, and/or its agents, willfully sent unsolicited and marketing text messages to Plaintiff and other similarly-situated persons.

46. Defendant's willful and repeated violations of the TCPA exposed Plaintiff and similarly-situated persons to invasion of their privacy. As a result, Plaintiff and similarly-situated persons were in fact injured.

## FIRST CLAIM FOR RELIEF
### For Violation of 47 U.S.C. §§ 227 *et seq*.
### (On Behalf of Plaintiff and Class Plaintiffs)

47. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

48. Plaintiff asserts this claim on behalf of himself and Class Plaintiffs against Defendant.

49. Defendant directly or vicariously violated the TCPA when it used an automatic telephone dialing system to send unsolicited and marketing text messages to Plaintiff's and Class Plaintiffs' cellular phones.

50. Title 47 U.S.C. §227(b)(3) provides:

> (1) Private right of action. A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State - -
>
> > (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
> >
> > (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
> >
> > (C) both such actions.

51. Additionally, the TCPA provides that the Court may, at its discretion, treble the statutory damages if it finds that a defendant's violation was willful or knowing. 47 U.S.C. § 227(b)(3).

52. Defendant's violations of the TCPA were willful and knowing.

53. Defendant should also be enjoined from engaging in similar unlawful conduct in the future.

54. Accordingly, Plaintiff and Class Plaintiffs are entitled to all damages referenced herein, attorney's fees, costs, treble damages, injunctive relief, and any other remedies allowed by the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly-situated, prays for relief and judgment against Defendant as follows:

a. An order certifying the class and appointing Plaintiff as the representative of the class, and appointing counsel for Plaintiff as counsel for the class;

b. An order declaring that Defendant's conduct violates the TCPA;

c. An order finding in favor of Plaintiff and members of the Class;

d. For statutory or treble damages for each violation of the TCPA, as determined by the evidence presented at trial;

e. For prejudgment interest on all amounts awarded;

f. An order enjoining Defendant from further violations of the TCPA;

g. An order awarding Plaintiff and members of the Class their reasonable attorney's fees and expenses and costs of suit; and

      h.    For other and further relief as the Court may deem proper.

Dated: Great Neck, New York
       February 6, 2017

                Respectfully submitted,

                BORRELLI & ASSOCIATES, P.L.L.C.
                *Attorneys for Plaintiff*
                1010 Northern Boulevard, Suite 328
                Great Neck, New York 11021
                Tel.:   (516) 248-5550
                Fax.:  (516) 248-6027

By: _____
                JOAN B. LOPEZ (JL 3313)
                MICHAEL J. BORRELLI (MB 8533)
                ALEXANDER T. COLEMAN (AC 8151)